UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANNE M. PARR                                               CIVIL ACTION

VERSUS                                                     NO. 09-3576

NICHOLLS STATE UNIVERSITY, ET AL.                          SECTION "N" (1)

## ORDER AND REASONS

Presently before the Court is the motion to dismiss filed by Defendants on December

2, 2009 (Rec. Doc. 149). On December 8, 2009, Plaintiff requested that the Court hear oral

argument regarding the motion. *See* Rec. Doc. 153. On January 5, 2010, Plaintiff filed a

memorandum in opposition to the motion to dismiss. *See* Rec. Doc. 157. On January 11, 2010, the

Court issued an order continuing the oral argument from Wednesday, January 13, 2010, until Friday,

January 22, 2010.

The Court has now spent an inordinate amount of time reviewing the parties'

submissions regarding the motion to dismiss, as well as Plaintiff's original and three amending

complaints (Rec. Docs. 1, 20, 48 & 135). In this instance, submission of a reply memorandum, or

other effort by counsel to clarify the issues that *truly* remain the subject of a good-faith dispute,

following submission of Plaintiff's opposition memorandum, would have been most appropriate,

appreciated, and helpful to the Court. Unfortunately, neither occurred, notwithstanding Plaintiff's

counsel's December 7, 2009 letter that, at a minimum, should have resulted in clarification, if not

reduction, of the issues requiring resolution by the Court.[1]  As a result, the Court has spent

numerous, frustrating hours combing through the parties' submissions so as to identify and

distinguish the accurate statements and citations of authority from those that are, at best, unclear

and/or, at worst, bordering upon blatant overstatement, obfuscation, or error.

In any event, and considering the foregoing,  **IT IS ORDERED** that:

1.  The oral argument that is scheduled to be held on Friday, January 22, 2010,  is

**CANCELLED**.

2.   On the showing made, Defendants' motion to dismiss, as stated herein, is

**GRANTED IN PART** and **DENIED IN PART**.

3.  Within fourteen (14) days from the date this order is entered into the record,

Plaintiff shall file a superseding complaint that will take the place of Plaintiff's original and three

amended complaints and which, thereafter, will control the litigation.  The superseding complaint

shall include all of the allegations from the original and three amended complaints upon which

Plaintiff continues to rely, as well as any necessary revisions, additions, and deletions.

4. Prior to preparing and filing the superseding complaint, Plaintiff's counsel <u>shall</u>

carefully review, and take into account, the original and three amended complaints, Defendants'

motion to dismiss, Plaintiff's opposition thereto, and all relevant legal authorities.  Defense counsel

<u>must</u> do the same prior to filing any response to the superseding complaint.  These authorities are

to include, but not necessarily be limited to:

---

[1]     The December 7, 2009 letter is attached to Plaintiff's Opposition Memorandum (Rec. Doc. 157-2).

*Darlak v. Bobear, M.D.*, 814 F.2d 1055 (5th Cir. 1987)

*Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358 (1991)

*Lakoski v. James*, M.D., 66 F.3d 751 (5th Cir. 1995)

*Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997)

*Jackson v. Birmingham Board of Ed.*, 544 U.S. 167, 125 S. Ct. 1497 (2005)

*Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997).

5.  At a minimum, Plaintiff's superseding complaint must:

    a.    Specify any and all claims asserted under federal law, and the specific relief requested relative to each of those claims.

    b.    Specify any and all claims asserted under state law, and the specific relief requested relative to each of those claims.

    c.    Clearly delineate each of the defendants sued with respect to each identified claim and request for relief, as well as the capacity in which the defendants are sued. For instance, references to "defendants" are insufficient if "defendants" does not include all individuals and entities, including the Board of Supervisors for the University of Louisiana System, named as defendants in this action. Nor is a reference to "individual defendants" sufficiently clear *unless* that term has been specifically designated as referring to all the individual defendants who have been sued in their individual (personal) capacities.

3

d. Clarify the basis(es) of Plaintiff's claims asserted under Title VII, including the protected class(es) and conduct at issue.

e. Identify the constitutional rights that Plaintiff alleges have been violated, as well as the supporting facts. These allegations should include and identify any affected property rights and account for Plaintiff's non-tenured status.

f. Identify the factual basis(es) for Plaintiff's request for punitive damages under Title VII and 42 U.S.C. § 1983.

g. Clarify the claims that Plaintiff asserts relative to Title IX, the relief requested, and the underlying factual basis(es).

h. Identify the factual basis for Plaintiff's claim under the Equal Pay Act.

i. Include clear and sufficient facts regarding the timeliness of Plaintiff's federal court action and Plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission.

j. Anticipate possible assertions of qualified immunity by one or more of the individual defendants.

k. Use care in drafting headings, sub-headings, and preliminary factual statements.

As Plaintiff's counsel is aware, the allegations of Plaintiff's superseding complaint must provide Defendants with fair notice of what Plaintiff's claims are and the grounds upon which

they rest.  *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations

omitted).  Although the complaint does not need "detailed factual allegations, . . . more than labels

and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will

not do." *Bell Atl. Corp. v. Twombly,* --- U.S. ---, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007)

(internal citations and quotations omitted).  The degree of required specificity depends on context,

*i.e.*, the type of claim at issue.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  In any

event, "the face of the complaint must contain enough factual matter to raise a reasonable

expectation that discovery will reveal evidence of each element of the plaintiff's claim[s]." *Pinero*

*v. Jackson Hewitt Tax Service Inc*., No. 08-3535, 2009 WL 1605147, *2 (E.D. La. 6/5/09) (Vance,

J.).  Plaintiff must also be prepared to support her claims with applicable legal authority in response

to a properly filed motion or as otherwise ordered by the Court.

6.  Within twenty (20) days of the filing of Plaintiff's superseding complaint,

Defendants shall file an answer thereto.  Additionally, if warranted, following *careful* and *thorough*

review of the superseding complaint and all *relevant* authorities, Defendants may file an appropriate

motion seeking dispositive relief.  If the motion references documentation outside the proper scope

of a motion to dismiss, it must comply with the requirements of Federal Rule of Civil Procedure

Rule 56.  Any motion filed also <u>must</u>:

        a.      Provide applicable and current proper citations of authority for <u>all</u>

                  legal assertions, including, *e.g.,* the discretion that the Court

                  purportedly has relative to recognizing state employees' federal

constitutional claims asserted under 42 U.S.C. § 1983.[2]

     b.     Properly and clearly account for which defendant(s) have been sued with respect to each particular claim <u>and</u> request for relief.

     c.     Properly and clearly account for the capacity(ies) in which the individual defendants have been sued, as well as the particular claim or claims at issue relative to those defendants.

     d.     Focus only on the claims at issue in this litigation.

7. Finally, counsel are instructed to carefully review and, hereinafter, strictly comply with the provisions of Federal Rule of Civil Procedure 11(b). Failure to do so may result in appropriate sanctions. The Court should not be expected to expend its limited judicial resources on matters that counsel and the parties, with due diligence and good faith, can reach an agreement, remedy without the necessity of judicial action, or at least greatly simplify. Nor should the parties needlessly expend their own limited resources on unwarranted disputes. Finally, counsel are reminded to *carefully* proofread all written submissions to the Court.

8. The Court is aware that other motions and an appeal of a magistrate judge ruling remain under submission in this matter. The Court will issue written rulings on these motions shortly, or, if it deems appropriate, schedule oral argument. To the extent that counsel and the

---

[2]     *See* Memorandum in Support of Defendants' 12(c) Motion to Dismiss (Rec. Doc. 149-2) at 13-15.

parties, exercising due diligence and acting in good faith, can reach any agreement regarding the

proper resolution of <u>any</u> of these matters, in whole or in part, however, they <u>must</u> do this promptly

and so inform the Court.

New Orleans, Louisiana, this <u>21</u><sup>st</sup> day of January 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**