UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANNE M. PARR                                              CIVIL ACTION

VERSUS                                                    NO. 09-3576

NICHOLLS STATE UNIVERSITY, ET AL.                         SECTION "N" (1)

### ORDER AND REASONS

Presently before the Court is Plaintiff's motion/objection seeking review of two orders rendered by Magistrate Judge Roby regarding discovery matters (Rec. Docs 131 and 141). Having considered the parties' submissions, **IT IS ORDERED** that Plaintiff's objection/motion (Rec. Doc. 148) is **DENIED** to the extent that it asks the undersigned to set aside Magistrate Judge Roby's orders. The Courts find that the rulings are not clearly erroneous or contrary to law. Furthermore, the Court hopes and expects that discovery in this action has sufficiently progressed since the dates of Magistrate Judge Roby's rulings such that the object of the motion to compel found to be premature has either been satisfied by discovery responses or otherwise addressed. If the contrary is true, Plaintiff should seek appropriate relief *after* using diligent efforts to reach an amicable resolution of that discovery issue *and* carefully considering and complying with the requirements of Rule 37 of the Federal Rules of Civil Procedure. As will be re-stated below, the Court urges and reminds counsel and the parties to make every effort to advocate their positions in a professional, efficient, and cost-effective manner.

Also presently before the Court is Plaintiff's "Motion for Rule 11 Sanctions." Having

1

reviewed the parties' submissions, **IT IS ORDERED** that the motion (Rec. Doc. 159) is **DENIED** to the extent that it seeks an award of sanctions at this time. In its January 21, 2010 order (Rec. Doc. 161), the Court expressed frustration with the less than ideal manner in which Defendants' December 2, 2009 motion to dismiss (Rec. Doc. 159) was handled, and instructed how it expected counsel and the parties to proceed during the remainder of this litigation. The Court finds that no further judicial action is warranted at this juncture relative to the handling of the motion to dismiss. If the Court later decides that additional action is appropriate, or finds conduct following the issuance of that order arguably sanctionable, the Court shall so notify the parties and proceed in accordance with Rule 11 of the Federal Rules of Civil Procedure.

Additionally, the Court reiterates the instructions set forth in paragraph 7 of the January 21, 2010 order:

> [C]ounsel are instructed to carefully review and, hereinafter, strictly comply with the provisions of Federal Rule of Civil Procedure 11(b). Failure to do so may result in appropriate sanctions. The Court should not be expected to expend its limited judicial resources on matters that counsel and the parties, with due diligence and good faith, can reach an agreement, remedy without the necessity of judicial action, or at least greatly simplify. Nor should the parties needlessly expend their own limited resources on unwarranted disputes. Finally, counsel are reminded to carefully proofread all written submissions to the Court.

New Orleans, Louisiana, this 30th day of September 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**