UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE M. PARR | CIVIL ACTION |
| VERSUS | NO: 09-3576 |
| NICHOLLS STATE UNIVERSITY, ET AL. | SECTION: "N" (4) |

## ORDER

Before the Court is **Non-Party Louisiana Office of Inspector General's Motion to Quash Subpoena or Alternatively for a Protective Order (R. Doc. 341)** filed by a Non-Party, the Louisiana Office of Inspector General ("OIG"), seeking an Order quashing a subpoena for documents issued by the Plaintiff, Anne Parr, on December 29, 2010. The Plaintiff opposes the motion.[1] (R. Doc. 348.)

According to the Scheduling Order, the deadline for discovery was June 3, 2010. (R. Doc. 130, p. 2.) On July 23, 2010, the presiding Judge continued the trial date and issued a new Scheduling Order. (R. Doc. 264.) According to the new Scheduling Order, the deadline in which to *complete* discovery is December 2, 2010. (R. Doc. 264.) The Scheduling Order states that "deadlines . . . fixed herein may only be extended by the Court upon motion filed in compliance with the Plan and Local Rules and upon showing of good cause." (R. Doc. 130, p. 2.) The trial is set to commence on January 31, 2011.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good

---

[1]Defendants, Nicholls State University, Stephen Hulbert, Carroll Falcon, Tandolph Chermie, and Alton F. Doody, also made an appearance regarding the instant matter. In their Response to the Motion to quash, Defendants contend that they do not support or oppose the motion. They appear only to state that, in the event the Court does not quash the subpoena, they request that the documents required to be produced be made available to them. (*See* R. Doc. 347.)

cause shown and with the Judge's consent.  Fed. R. Civ. Pro. 16(b)(4).  In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."  *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Although the deadline to *complete* discovery passed on December 2, 2011[2], the Plaintiff did not issue the documents subpoena until December 29, 2010, twenty-seven days after the deadline.  The subpoena required that IOG produce documents on January 10, 2011, thirty-nine days after the deadline.  Further, the Plaintiff did not timely apply for an extension of the discovery deadline as required by the Scheduling Order.

Accordingly,

**IT IS ORDERED** that the **Non-Party Louisiana Office of Inspector General's Motion to Quash Subpoena or Alternatively for a Protective Order (R. Doc. 341)** is hereby **GRANTED.**

New Orleans, Louisiana, this 13th day of January 2011

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court notes that both the Plaintiff and the IOG contend that the discovery deadline in this matter was on December 31, 2010.  However, a review of the record demonstrates that the discovery deadline was set for December 2, 2010.  (*See* R. Doc. 264.)