UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANNE M. PARR                                                    CIVIL ACTION

VERSUS                                                          NO. 09-3576

NICHOLLS STATE UNIVERSITY, ET AL.                               SECTION "N" (1)

### ORDER AND REASONS

Presently before the Court is Defendants' "Motion to Remove Attorneys for Defendants as Witnesses and Bar Testimony and Questions on Same" (Rec. Doc. 331). The motion is opposed.

Defendants seek to have their counsel of record, Winston G. DeCuir, Sr. and Linda Law Clark, removed from Plaintiff's list of potential witnesses, and to prevent attorney-client privileged and protected information from being elicited from them. Plaintiff generally argues that several decisions made and actions taken by Defendants were based upon improper/incorrect advice received from counsel, thus calling into question the need for counsel's testimony at trial. Plaintiff further contends that, based upon certain invoices for legal services issued by the DeCuir Firm, false advice was given to the firm's clients, Defendants herein.

The circumstances in which an attorney of record for a party litigant may be called as a fact witness at trial are limited, and allowing such testimony is extraordinary. *See, e.g., United States v. Hinson,* 55 F.3d 632, 1995 WL 313939, *1 (5th Cir. 1995); *United States v. Nguyen,* 197 F.3d 200, 208-09 (5th Cir. 1999); *United States v. Crockett*, 506 F.2d 759, 760-61 (5th Cir. 1975); *United States v. Wallace*, No.00-221, 2009 WL 57095, *1 (S.D. Miss.)(Anderson, M.J.); *Batiste v. Jefferson*

1

*Guar. Bank.,* No. 91-3163, 1992 WL 336766, *1-2 (E.D. La. 1992)(Feldman, J.).[1] Such testimony should be allowed only when it is not privileged or otherwise protected, is necessary to the proponent's case, and cannot be obtained from another source. *Id.*

Here, Plaintiff has made no such showing. In fact, in Plaintiff's opposition, she contends that actions of *Defendants* caused her grievance, although now she attributes some of those actions as having been taken on the erroneous advice of counsel. Of course, even had Plaintiff demonstrated the extraordinary circumstances that would require attorney testimony, she still does not have standing at this juncture to argue the fault of defense counsel, who are not parties to this litigation nor is their law firm. Moreover, even should these attorneys be ordered to testify at the trial of this matter, most of the testimony which Plaintiff claims she will seek in her opposition memorandum would be protected by either attorney work product or attorney-client privilege.

By assuming the tactic of listing defense counsel as fact witnesses, and pursuing their testimony at trial, Plaintiff only serves to distract from Plaintiff's own burden of proof, *i.e.* whether Plaintiff can prove each element of her claims.[2] The Court reminds Plaintiff's counsel that this trial will focus only on Plaintiff's ability to prove each and every one of her claims, as well as any damages suffered as a result of any actionable conduct by Defendants. Thus, starting an offensive

---

[1] *Cf.* La. Code Evid. arts. 507, 508 (setting forth limited circumstances under which a lawyer or his representative can be subpoenaed or ordered to appear or testify in a civil, criminal, or juvenile proceeding); La. Code Civ. P. 1452 (restricting depositions of counsel of record); RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 108 (2000) (opposing trial counsel should not to be a witness absent compelling need).

[2] Plaintiff asserts claims under 42 U.S.C. §1983, Title VII, 42 U.S.C. §2000e, et seq., Title IX, 20 U.S.C. § 1681, the Equal Pay Act, 29 U.S.C. §206(d), and the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq.

brush fire by listing defense counsel as fact witnesses serves no purpose and will not be allowed.

For the foregoing reasons, the motion of Defendants to remove defense counsel as witnesses, and to bar testimony or questions regarding any advice that defense counsel has given their clients, is hereby **GRANTED**.

New Orleans, Louisiana, this 24th day of January 2011.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**