UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE M. PARR | CIVIL ACTION |
| VERSUS | NO. 09-3576 |
| NICHOLLS STATE UNIVERSITY, ET AL. | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is a "Motion to Quash or Modify Trial Subpoena" (Rec. Doc. No. 365), filed by two non-parties, the Louisiana Office of Inspector General ("OIG") and OIG Investigator Tom Boulton ("Boulton"). OIG and Boulton contend that, although they prepared a report to the Governor that was released on April 3, 2009, that report contains nothing, not even a mention, of the plaintiff herein, Anne M. Parr ("Parr"). Rather, this report related to the misuse of Nicholls State University resources by Interim Dean of the John Folse Culinary Institute, Dr. Alton Doody. OIG and Boulton assert that any investigatory work they conducted is subject to a claim of privilege pursuant to *Frankenhauser v. Rizzo,* 59 F.R.D. 339 (E.D. Pa. 1973). OIG and Boulton further claim that the subpoena constitutes an undue burden on them, and that honoring the subpoena would contravene state law, specifically the confidentiality provision of La. R.S. 49:220.25.

Plaintiff Parr claims that, during the course of the OIG/Boulton investigation, certain persons gave recorded statements, including Dr. Alton Doody, Arlene Hingle, Donald Kasten, Randy Cheramie, Stephen Hulbert, Vicky Veillion, Carroll Falcon, John Ford, and Sharon Daigle. Plaintiff contends that, during the course of these interviews, one or more of these people (though plaintiff never specifies) gave testimony that "undoubtedly varied from the sworn testimony because of Parr's extensive documentation, only a part of which had been available to provide to Boulton." Memorandum in Opposition, p. 2 (Rec. Doc. No. 380). Thus, plaintiff intends to call OIG and/or Boulton to testify, without producing any documentation such as the recorded statements given during the course of the investigation, about statements made during the course of the investigation.

The Court **GRANTS** the Motion to Quash. For the reasons set forth in the Memorandum in Support of the motion, (Rec. Doc. No. 365-2), the Court agrees that such information is likely privileged. More importantly, the Court finds that such testimony is confidential pursuant to Louisiana state law, La. R.S. 49:220.25.[1] In her opposition, plaintiff fails to even mention this statutory authority, much less explain why it does not apply. Plaintiff admits that "[i]t is true, as the OIG claims, that plaintiff's intent in calling Mr. Boulton at trial is for him to testify about the lies he was told." Memorandum in Opposition, p. 8 (Rec. Doc. No. 380). However, plaintiff has failed to obtain the recorded statements given by any such persons interviewed as part of the investigation by Mr. Boulton, despite having every opportunity to pursue such discovery, including having the Magistrate rule on the production of such recorded statements. Even assuming such information is

---

[1] La. R.S. 49:220.25 provides, in pertinent part: "the records prepared or obtained by the inspector general in connection with the investigations conducted by the inspector general shall be deemed confidential and protected from disclosure."

relevant (which is very doubtful on the showing made here), subpoenaing the OIG and/or Boulton to establish untruthful statements on collateral matters by certain witnesses is improper. Plaintiff could then impeach such witnesses at trial with the prior statements, should such testimony vary from such statements.

For these reasons, the Motion to Quash or Modify Trial Subpoena (Rec. Doc. No. 365) filed herein by the Louisiana Office of Inspector General and OIG Investigator Tom Boulton is **GRANTED**, in that the trial subpoena is hereby **QUASHED**.

New Orleans, Louisiana, this 28th day of January, 2011.

                                                **KURT D. ENGELHARDT**
                                                **United States District Judge**