UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE M. PARR | CIVIL ACTION |
| VERSUS | NO. 09-3576 |
| NICHOLLS STATE UNIVERSITY, ET AL. | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is a Motion in Limine (Rec. Doc. No. 337), in which defendants seek to exclude testimony and/or evidence regarding some 23 separate items/areas of inquiry. Plaintiff Anne M. Parr ("Parr" or "Plaintiff") has filed six separate opposition memoranda.[1]

For the most part, defendants' motion is **REFERRED TO TRIAL**. Plaintiff's counsel is cautioned, however, that many of the rambling explanations of deposition testimony set forth in these opposition memoranda appear to have no relevance whatsoever to the specific claims asserted by Parr. This trial will be about Parr's claims (subject to further motion practice), not any other

---

[1] Rec. Doc. Nos. 363 (22 pages), 367 (5 pages), 369 (23 pages), 370 (10 pages), 371 (21 pages) and 372 (6 pages). Cumulatively, the opposition is 87 pages long, well in excess of this Court's page limit. Future tactics to evade the page limitation set forth in Local Rule 7.8.1 will be the subject of the imposition of financial sanctions on counsel for plaintiff.

1

deeds or misdeeds of defendants or any other non-parties unless they are legally relevant. From a perusal of the various opposition memoranda, it appears as though plaintiff has adopted the strategy of simply producing before the jury the results of a wide-ranging fishing expedition of any scrap of information which could portray any defendant (or even some of the witnesses) in a negative light, without regard to whether such information relates to the claims plaintiff asserts herein. **Plaintiff's counsel is cautioned that engaging in such practice at trial will result in the termination of the examination of any such witness, and an instruction to the jury to disregard such examination.** Nonetheless, many of the 23 areas set forth by defendants that are the subject of this Motion in Limine appear to, in some minimum way, shape or form, possibly relate to one or more of plaintiff's claims. In that respect, the motion is **REFERRED TO TRIAL**.

The motion is **GRANTED**, however, as to Item #13 on the defendants' list. The events of Dr. Doody's stepdaughter's wedding in 2008.[2] In her opposition (Rec. Doc. No. 370), plaintiff fails to provide any indication whatsoever that any actions/omissions of Dr. Doody with regard to his stepdaughter's wedding relate in any way to Parr or her claims. Rather, plaintiff makes a series of allegations regarding misuse of Nicholls State University property and/or resources, none of which, on the showing made, is relevant to Parr's claims herein. Thus, the motion is **GRANTED**, and plaintiff's counsel shall not commence a line of questioning, or introduce any evidence, which relates in any way to Dr. Doody's stepdaughter's engagement party or wedding in 2008.

---

[2]Item #13 states: "Any and all information or testimony about the wedding of Dr. Doody's daughter on May 16 and 18 of 2008 and purchase of serving trays for same through the Foundation accounts as they could not by the plaintiff's own pleadings have any impact on the decision to non-renew."

For the above-stated reasons, the motion is **REFERRED TO TRIAL IN PART**, and **GRANTED IN PART** as to Item #13.

New Orleans, Louisiana, this 28th day of January, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**