UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE M.  PARR | CIVIL ACTION |
| VERSUS | NO. 09-3576 |
| NICHOLLS STATE UNIVERSITY, ET AL. | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is a Motion for Failure to Initiate Litigation Hold and for Violation of a Discovery Order (Rec. Doc. No. 356), filed by plaintiff, Anne M. Parr ("Parr" or "Plaintiff").  This motion is opposed.  Parr seeks to have this Court rule that, as a result of certain alleged discovery failures of defendants, she be afforded an instructed presumption that such evidence, if produced, would be adverse to the interests of defendants.

Importantly, in the title of her pleading, plaintiff cites the "failure to comply with the Order of August 20, 2010 (Doc. 289) by providing electronic discovery therein ordered."  As an initial matter, the Court notes that this is a discovery motion which should have been timely brought before the Magistrate Judge who issued the relevant discovery order.  The record does not demonstrate that any such motion was pursued before the Magistrate Judge.  Now, plaintiff attempts to style this discovery motion as a "motion in limine", seeking such an instruction to the jury to assist plaintiff

1

in meeting her burden of proof herein.  Plaintiff also seeks the imposition of "sanctions, preclusion of evidence, an adverse presumption and an order of contempt or other appropriate relief for defendants' failure to provide the electronic discovery ordered by Magistrate Judge Roby's Order of August 20, 2010."  (Rec. Doc. No. 356, pp. 1-2)

An instruction to a jury that an adverse inference is warranted against a party as a result of spoliation may only be issued when the requesting party establishes that: (1) the party with control over such evidence had a duty to preserve it when it was destroyed; (2) the evidence was destroyed with a culpable state of mind in which the party knew or should have known of the obligation to preserve the evidence; and (3) the destroyed evidence was relevant to the party's claim so that a reasonable trier of fact could find that it would support the claim.  *See, e.g., King v. Illinois Cent. R.R.,* 337 F.3d 550, 555-56 (5th Cir.2003); *Vick v. Texas Emp. Comm'n,* 514 F.2d 734, 737 (5th Cir.1975); *Savarese v. Pearl River Nav., Inc.,* No. 09-129, 2010 WL 1817758, *2-3 (E.D. La. Apr 30, 2010)(Vance, J.); *Anderson v. Prod. Mgmt. Corp*., No. 98-2234, 2000 WL 492095, at *3-5 (E.D. La. Apr. 25, 2000)(Clement, J.).

Plaintiff has the burden, but has failed to demonstrate, that any such evidence was destroyed with "a culpable state of mind", nor has plaintiff demonstrated that such evidence was relevant. Rather, plaintiff's general statements regarding the defendants' failure to honor "document retention policies" is insufficient, in and of itself, to establish spoliation and thus warrant an instruction of adverse inference in this case.  Moreover, plaintiff does not specify to which of her several claims the purportedly missing evidence would pertain.  Essentially, plaintiff argues that, simply because she believes certain documents exist but have not been produced, the jury should be told that the

defendants are hiding information that would assist plaintiff in proving her claims.  This the Court

will not do, on the inadequate showing made by plaintiff.

For these reasons, the "Motion to Instruct the Jury" (Rec. Doc. No. 356) is hereby **DENIED**.

The Motion for Expedited Hearing (Rec. Doc. No. 360) is hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 28<u>th</u> day of <u>January</u>, 2011.

             **KURT D. ENGELHARDT**
            **United States District Judge**