UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE M. PARR | CIVIL ACTION |
| VERSUS | NO. 09-3576 |
| NICHOLLS STATE UNIVERSITY, ET AL. | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is a Motion entitled "Motion to Deem Plaintiff's Statement of Uncontested Material Fact as Uncontested Pursuant to L.R. 56.2 and Defendants' Statement of Uncontested Material Fact as Noncompliant Within the Meaning of L.R. 56.1." (Rec. Doc. No. 228) As the title suggests, plaintiff Anne M. Parr ("Parr" and/or "Plaintiff") contends that the defendants have failed to submit a responsive pleading setting forth each and every contested material fact in connection with plaintiff's Motion for Summary Judgment as to her claim that defendants violated the Equal Pay Act, 29 U.S.C. § 206(d)(1).

As plaintiff points out, the defendants have filed a Cross Motion for Summary Judgment on plaintiff's Equal Pay Act claim, along with a Motion for Summary Judgment seeking dismissal of

1

plaintiff's Title VII, Title IX, and 42 U.S.C. § 1983 claims. In those pleadings, it is readily apparent that defendants traverse at least some of plaintiff's "uncontested" material facts. While it is true that defendants could have more clearly delineated their response to each and every one of plaintiff's statements, plaintiff's pleadings are hardly a paragon of compliance with this Court's Local Rules. For instance, Parr has failed to follow Local Rule 7.7, which sets forth page limits for memoranda in support of and in opposition to motions. (See Rec. Doc. No. 392, footnote 1) Thus, while plaintiff seeks to illustrate to the Court defense counsel's failure to comply in every technical respect of the Local Rules, the Court cannot and is unwilling to consider plaintiff's submitted uncontested material facts as "admitted" when responsive pleadings clearly indicate that, in many respects, defendants obviously disagree. In order to finally get this matter to trial, this Court has, unfortunately and reluctantly, had to indulge counsel for both sides with regard to the failure to strictly comply, to the letter, with each Local Rule.

Nonetheless, the Court understands plaintiff's counsel's frustration with the failure of counsel to adhere to the Local Rules in every respect: the undersigned has also been frustrated by the failure of **all** counsel to adhere to the Local Rules, or even their failure to sometimes express their respective positions and supporting facts in clear, concise, brief, and comprehensible terms.

For these reasons, plaintiff's motion to deem her statement of uncontested material facts as "uncontested" is **DENIED**.

New Orleans, Louisiana, this 2nd day of February, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**