UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ANNE M. PARR | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-3576 |
| NICHOLLS STATE UNIVERSITY, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently are various post-trial motions (Rec. Docs. 476, 479-80, 489, 495 and 497) filed by the parties to this matter. Having carefully considered the parties' supporting and opposing submissions, applicable law, and the record of this matter, the Court rules on the motions as stated herein.

**I.    Plaintiff's Motion for New Trial Based on Prejudicial Rulings (Rec. Doc. 479).**

Plaintiff's "Motion for New Trial Based on Prejudicial Rulings by the Court Concerning the Admission or Denial of Admission of Evidence and the Failure to Give Effect of Admissions Deemed Admitted or Admitted by Judgment in State Court" is filed pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. *See* Rec. Doc. 479. Rule 59(a) allows a Court to grant a new trial following a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." *See* Fed. R. Civ. P. 59(a). Under this standard, "a new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was

1

committed in its course.'" *Weckesser v. Chicago Bridge and Iron, L.G.,* 447 Fed. Appx. 526 (5th Cir. 2011) (quoting *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985). Applying these standards to Plaintiff's motion, the Court finds her request for a new trial on the asserted grounds to be unfounded.

In this motion, Plaintiff complains about certain rulings made at trial regarding the admission and/or exclusion of evidence, as well as certain rulings that Plaintiff maintains the Court never made. Specifically, Plaintiff contends:

> 1. The admission into evidence on February 7, 2011, unopposed by defendants and admitted by agreement, of every one of the four volumes of exhibits that were offered by plaintiff, which admission into evidence was memorialized in the minutes of the first day of trial], [1] was orally reversed by the Court after trial had begun. This change of position by the Court could not have been anticipated, could not have been prepared for, caused serious substantive prejudice to plaintiff, was not harmless error, and resulted in an adverse jury verdict. Moreover, the alternative method of admission imposed by the Court by testimony of witnesses resulted in unnecessary delay, criticism by the Court, and the exclusion of one or more previously admitted exhibits, such as Marcelle Bienvenu's notes on plaintiff's syllabus because of an inability to have a planned witness with personal knowledge. There were alternatives to exclusion of all exhibits other than those identified during testimony, such as designation after the close of the evidence, in order to limit the number of exhibits going to the jury that would have limited the prejudice to plaintiff, whose case was documentary in nature and also relied on admissions in the exhibits that defendants refused to stipulate.[2]
> 2. The admission of testimony concerning results of the so-called

---

[1] In footnote 1 of her motion, Plaintiff states: "Exhibits admitted without objection." Doc. 447, pages 4-7, lists the exhibits that were admitted. Following on page 8, ¶ 2 is the proffer of the exhibits admitted and then unadmitted."

[2] *See* Rec. Doc. 479, pp.1-4. Regarding Marcelle Bienvenu's notes, the record reflects that Ms. Bienvenue did testify at trial. Thus, it is unclear to the Court why being required to introduce Ms. Bienvenue's notes via her testimony purportedly was prejudicial to Plaintiff.

hearing orchestrated by defendant Hulbert, which testimonial evidence grossly misrepresented what actually occurred, and the written result of this grievance hearing was prejudicial error for the reasons set forth in the in limine motion to exclude the same. The Court gave no reasons for its decision to admit this evidence.[3] There were no substantive rulings made or substantive reasons given for the admission of any such evidence. Plaintiff's arguments for exclusion were never substantively addressed by the Court.[4]

* * *

The result of the grievance hearing was not final, had serious due process problems, and was so unduly prejudicial as to constitute the direction of a verdict on the non-copyright issues.[5]

3. The admission of testimony as to the result of the grievance hearing
constituted a *sotto voce* direction of the verdict on the jury interrogatories other than copyright.[6]

4. The undue prejudice of the admission of testimony concerning the results of the grievance hearing was exacerbated because the Court refused to admit the Louisiana Inspector General's Report or testimony about his testimony. The admission of the Louisiana Inspector General's Report had been opposed by no one, had been admitted without objection on February 7, 2011,[7] and there was no prior adverse ruling nor motion addressing its admissibility. Rather the only motions/orders concerned [Doc. 341/350] and the testimony of Thomas Boulton [Docs. 365/391], both of which motions were granted for reasons other than the admissibility of the Report, which admissibility was not challenged by any party. The Office of Inspector General, in its motion to quash subpoenas, stated that its

---

[3] In footnote 2 of her motion, Plaintiff states: "See Doc. 418 in which the issue is referred to trial. Admission was granted at trial but no reasons were given for the admission nor were any reasons given why plaintiff's objections had no merit."

[4] *See* Rec. Doc. 479, pp.1-4.

[5] *See* Rec. Doc. 479-1, p. 3.

[6] *See* Rec. Doc. 479, pp. 3-4.

[7] In footnote 3 of her motion, Plaintiff states: "See n.1."

report was public record and not privileged. To the extent that the Court excluded it or any testimony about the investigation, this was done on the Court's own motion and without the defendants or the Office of Inspector General raising the issue of admissibility.[8]

5. There was a failure to give effect to the admissions made in state court, as to which the Court requested briefing [Doc. 128], which briefing was filed, pending, and never substantively ruled on, and to the admissions made in this Court as to copyright and equal pay. The defendants, on account of their failure to timely respond in state court and in this Court, admitted facts, the effect of which was never sought to be withdrawn, as to which the Court did not give the effect mandated by Rule 36.[9]

First, regarding Plaintiff's objection to the procedure ordered by the Court relative to the introduction of exhibits into evidence, the Court notes that is charged with exercising reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment. *See* Fed. R. Evid. 611 (a). Although Plaintiff inexplicably has not provided a transcript of the pertinent trial proceedings in connection with her motion, the Court, in imposing the procedure about which Plaintiff complains, explained why it was being imposed. In short, the Court sought to fulfill its obligations under Rule 611(a), and to avoid having the jury consider the hundreds, if not thousands, of pages of documents for which the relevancy and necessity were not obvious that Plaintiff sought to introduce absent any evidentiary explanation of their relevance by means of party stipulation or testimony of a witness

---

[8] *See* Rec. Doc. 479, pp 1-4.

[9] *See* Rec. Doc. 479, pp.1-4.

with personal knowledge.[10]

With respect to Plaintiff's second contention, the Court again notes that Plaintiff has not provided a trial transcript in connection with her motion. As such, the Court has no reason to conclude that the basis for any of its trial rulings was insufficiently clear. Nor is a new trial warranted simply because a party believes that an evidentiary ruling is erroneous.

On the showing made, Plaintiff's third contention likewise fails. To the extent that a party or counsel is concerned during the course of a trial that the jury might inappropriately construe a remark by the presiding judge as asserting an opinion regarding a matter to be decided by the jury, it is the duty of counsel to so notify the Court. The undersigned recalls no such assertion being made by counsel during the trial of this matter. Further, the Court instructs the jury, more than once during trial, that the jury is the finder of facts and that, in making those findings, the jury is to disregard anything the Court may have said except for instructions on the law. In any event, without the benefit of citation to the trial transcript, the Court has no basis for determining that any error occurred.

Plaintiff's fourth contention also warrants no relief. The Court again reminds Plaintiff that it is the Court's duty to render rulings regarding the admission of evidence and again notes Plaintiff's failure to include a trial transcript in her submission. Further, as previously stated, a new trial is not warranted simply because a party believes an evidentiary ruling made at trial to be

---

[10] Defendants' opposition memorandum contests Plaintiff's assertion that they were not opposed, at trial, to Plaintiff's introduction "of every one of the four volumes of exhibits that were offered by plaintiff." *See* Defendant's opposition memorandum (Rec. Doc. 487) at pp. 6-7. However, even were Plaintiff correct about a "lack of opposition" from Defendants, the Court remains obligated by Rule 611.

erroneous.

Finally, regarding Plaintiff's fifth contention, the record reflects that the Court denied the motions in support of which Plaintiff had submitted the disputed admissions, and memorialized those rulings in record documents 186 and 189.

For the foregoing reasons, the Court, having carefully considered the parties' submissions, finds Plaintiff's motion for a new trial to be without merit. Accordingly, **IT IS ORDERED** that the motion (Rec. Doc. 479) is **DENIED**.

**II.  Plaintiff's "Renewed Motion for New Trial Restricted to the Jury Verdict on Copyrightability and for Reconsideration of the Denial of Plaintiff's Motion for Summary Judgment on Copyright [DOC. 21]" (Rec. Doc. 489)**

Plaintiff also has filed a motion seeking a new trial pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Her motion is directed at the adverse jury verdict rendered on her copyright claim. She also seeks reconsideration of her summary judgment motion regarding that claim. *See* Rec. Doc. 489.

In deciding a Rule 59(e) motion, the Court must balance (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all of the facts. *Lines v. Fair Ins. Co.*, 2010 WL 4338636, *1 (E.D. La. Oct. 21, 2010)(Engelhardt, J.)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir.1994)). Thus, Rule 59(e) relief may be appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that previously was unavailable; (3) to correct a manifest error of law or fact, or (4) to prevent manifest injustice. *Schiller v. Physicians Res. Group,*

*Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) ("A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"); *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (a Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence"); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) ("[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued.") (internal quotations omitted). "Reconsideration of a judgment after its entry[, however,] is an extraordinary remedy that should be used sparingly." *Pechon v. Louisiana Dept. of Health and Hosps.,* 368 Fed. Appx. 606, 611, 2010 WL 774178 * 2, n. 16 (5th Cir. 2010)(citing *Templet*, 367 F.3d at 479)); *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *1 (E.D. La. June 5, 2002)(Duval, J.).

Plaintiff urges three grounds in support of this motion. Applying the foregoing standards, the Court concludes that none of Plaintiff's three asserted grounds warrant the extraordinary remedy of setting aside the Court's judgment and the jury's verdict.

First, Plaintiff complains that, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the parties were entitled to, but did not receive, pre-trial rulings that included statements "'on the record' of the [Court's] reasons for granting or denying'" the parties' copyright motions for summary judgment (Rec. Docs. 197 and 201). With respect to this argument, the Court notes that

7

in certain instances, rulings on summary judgment motions warrant a comprehensive, extensive statement of the Court's reasons for denying or granting the motion. In others, however, such rulings, especially rulings denying summary judgment because of material factual issues, rather than granting it, do not. And to suggest otherwise, the Court believes, misstates the law.

In this instance, regarding the copyright claim and defenses, the Court concluded, after much consideration of the parties's written submissions, that neither side had borne the burden imposed by Rule 56 of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. And, given the history of this litigation, particularly including the overall unproductive nature of the parties' motion practice submissions (written and oral),[11] and that trial preparations were complete, with the trial about to commence, the Court did not find any additional statement of reasons for the record to be a necessary or prudent use of limited resources. Accordingly, the Court having previously advised the parties off of the record (via telephone conference) of its rulings, just before trial began, simply announced the rulings for the record on the first day of trial. *See* Court's February 7, 2011 Minute Entry (Rec. Doc. 439). The Court does not find this decision to justify a new trial.

---

[11] *See, e.g.*, March 3, 2011 Order and Reasons (Rec. Doc. 464) at p. 2, n.2 ("The record of this action contains an over 400 filings. Further, many of those submissions are unnecessarily voluminous. For example, Plaintiff's opposition to Defendants' Equal Pay Act motion for summary judgment purports to consist of twelve separate record filings, totaling more than 1,000 pages of memoranda and exhibits. *See* Rec. Docs. 218, 385. Similarly, Plaintiff filed three opposition memoranda responsive to Defendant's "Motion for Partial Summary Judgment Under 42 U.S.C. §1983, Title VII and Title IX." *See* Rec. Docs. 226, 287-88, and 330. And, as the Court has previously noted, Plaintiff submitted at least six different opposition memoranda in response to a motion in limine. *See* Rec. Doc. 397.")

Second, Plaintiff urges the granting of a new trial because she contends that the issue of the "copyrightability" of *Food and Culture of the American South* was submitted to the jury rather than being properly decided, prior to trial, by the Court. Again, the Court disagrees. The jury would not have been asked render a verdict regarding the copyright claims and defenses if the Court did not find at least certain aspects of Plaintiff's work to be copyrightable subject matter. In any event, a review of the record reveals that the jury here was charged with deciding only the issues that the parties sought to have it decide, and that the jury was carefully instructed regarding the requisite elements of the claim and defenses, taking into consideration (as did the parties) applicable jurisprudence, the Seventh and Ninth Circuits' pattern jury instructions, and the parties' proposed jury instructions. *See, e.g., Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010) (to establish copyright infringement, a plaintiff must prove that he owns a valid copyright and that the defendant copied elements of the plaintiff's work that are original); *see also* Court's Revised Jury Verdict Form (Rec. Doc. 447); Plaintiff's proposed jury verdict forms regarding her copyright claims (Rec. Docs. 310 and 408); Court's Jury Instructions, a copy of which is attached hereto as Exhibit A); Plaintiff's Requested Jury Copyright Jury Charges, including Nos.1, 7-10 (Rec. Doc. 412); Seventh Circuit Model Jury Instructions, including 12.2.1, 12.3.1, 12.4.1- 4.3; Ninth Circuit Model Jury Instructions, including 17.4, 17.5, 17.8-17.9, and 17.12.

Significantly, Plaintiff does not point to record evidence establishing that she preserved an objection at trial to particular language addressing her copyright claim that was included in the revised jury verdict form signed by the jury foreperson, or the Court's jury instructions. Rather, at trial, Plaintiff made no objections to the jury verdict form or the Court's

9

instructions to the jury regarding the applicable substantive law.¹² If anything, Plaintiff's proposed first jury verdict form question, asking whether the jury found Plaintiff's syllabus and other materials to constitute "original intellectual work appropriate for copyright protection," is arguably broader than the first question utilized by the Court, asking whether the jury found "a valid copyright exists . . . and, if so, that [Plaintiff] is the owner of that copyright." *See* Rec. Doc. 447, at p. 12; Rec. Docs. 310 and 408). Indeed, the Plaintiff requested a trial by jury on "all issues." *See* Rec. Doc. 42.

Lastly, Plaintiff maintains that copyright registration certificates issued to Plaintiff subsequent to the completion of the February 2011 jury trial, with retroactive effective dates of May 21, 2009 and May 10, 2010, render the jury verdict on her copyright claim "wrong as a matter of law" and require a new trial on the copyright claim and defenses. In support of this contention, Plaintiff cites to authorities establishing that the effective date of a copyright registration is the date that the copyright application, deposit, and fee were received in the office of the Register of Copyrights and that, in judicial proceedings, a certificate of a registration made before or within five years after first publication of the work constitutes "prima facie evidence of the validity of the copyright and the facts stated in the certificate." *See* 17 U.S.C. § 410(a-d). She additionally cites *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 616 (9th Cir. 2010) for the proposition that this "rule even applies when notice of registration is provided on appeal."

While the Court does not disagree with Plaintiff's supporting citations of authority, the same is not true with respect to Plaintiff's contention that those authorities require that the Court

---

¹² *See* February 15, 2011 Minute Entry (Rec. Doc. 446) (reflecting only "Objections by Plaintiff to the Pretrial Procedures in this Case" (Rec. Doc. No. 436)).

set aside the jury's verdict regarding Plaintiff's copyright claim and order a new trial of the claim and the defenses thereto. Here, less than a month after Plaintiff submitted an application for copyright registration on or about April 28, 2009, presumably not knowing if and when a registration certificate ultimately would be issued, she elected to file the instant lawsuit on May 18, 2009. Thereafter, she sought to have her copyright claims decided *in court* by means of motion practice and trial. If Plaintiff had received her certificates of copyright registration prior to the jury rendering a verdict in this matter, on February 16, 2011,[13] Plaintiff would have had the benefit of a rebuttable presumption regarding her ownership of a valid copyright. Unfortunately for Plaintiff, however, she did not.[14]

Significantly, despite being aware of the legal advantage that having a copyright registration certification would have given her in this lawsuit, Plaintiff points to no measures taken by her to ensure that the Register of Copyrights would have completed the registration review process prior to her copyright claim filed in this Court being determined on the merits. For instance, Plaintiff apparently did not request expedited consideration by the Register of Copyrights of her application. Nor, once in court, did she request to have the proceeding stayed as to her copyright claim until such time as the Register of Copyright had reviewed and determined her application for copyright registration.

---

[13] *See* February 16, 2011 Minute Entry (Rec. Doc. 447).

[14] Plaintiff apparently did not receive notice of her certificates of copyright registration being issued until on or about March 7, 2011. *See* Plaintiff's supporting memorandum (Rec. Doc. 489-1) at p. 9.

11

Under these circumstances, Plaintiff cannot be allowed to have the seven-day jury trial conducted in this matter, at her request, constitute little more than a "trial run" of her copyright infringement action. The Court does not read 17 U.S.C. § 410, cited by Plaintiff, to command such a result, and Plaintiff has not provided any authority interpreting the statute to the contrary. The same is true with respect to the Ninth's Circuit decision in *Cosmetic Ideas, Inc*. There, the plaintiff was going to have the benefit of a registration certificate "post-appeal" because, significantly, that plaintiff's lawsuit had been erroneously dismissed by the district court for lack of subject matter jurisdiction. *See Cosmetic Ideas, Inc*., 606 F.3d at 616. Indeed, by the time the Ninth Circuit rendered its decision, the plaintiff had received a registration certificate, and filed a second lawsuit, which was then stayed pending the appeal of the dismissal of the first lawsuit. *Id*. at 615, n.1. Thus, the Court finds *Cosmetic Ideas, Inc*., readily distinguishable from the instant matter.

Given the foregoing, the Court finds that Plaintiff has demonstrated nothing more than that she is disappointed with the jury's verdict regarding her copyright claims and would like a "second bite at the apple." She certainly has not shown entitlement to the extraordinary relief of a new trial. Accordingly, **IT IS ORDERED** that Plaintiff's request for a new trial of her copyright claim and reconsideration of the Court's denial of her summary judgment motion as to that claim (Rec. Doc. 489) is **DENIED**.

### III. Plaintiff's Motion for Reconsideration of Summary Judgment for Defendants on the Equal Pay Act Claims and Title VII and 1983 Claims for Gender, Nationality, and Religion (Rec. Doc. 480)

Plaintiff also has filed a motion (Rec. Doc. 480) seeking reconsideration of the Court's summary judgment ruling dismissing certain of Plaintiff's claims under the Equal Pay Act, 29 U.S.C. §206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1983 (Rec. Doc. 464). Plaintiff's motion for reconsideration is likewise considered under Rule 59(e). *Peterson*, 2002 WL 1268404, at *1 (E.D. La. June 5, 2002)(citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment)); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir.1990)(motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion); *Lavespere,* 910 F.2d at 175 (motion that challenges prior summary judgment filed within 10 days of judgment is brought under Rule 59(e)).

A request for reconsideration of a summary judgment ruling may not be used to re-hash evidence, legal theories, or arguments that either were or could have been offered or raised before the entry of judgment. *Lines v. Fair Ins. Co.*, 2010 WL 4338636, *1 (E.D. La. 10/21/2010)(Engelhardt, J.) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)); *Peterson*, 2002 WL 1268404, at *1 (Rule 59(e) should not be used to re-litigate prior matters that have been resolved to the movant's dissatisfaction). Because this is solely what Plaintiff's motion attempts to accomplish, **IT IS ORDERED** that the motion is **DENIED**.

## IV. Defendants' Motion for Payment of Attorneys Fees (Rec. Doc. 476)

With this motion, Defendants seek an award of attorney's fees, as the "prevailing party," pursuant to 42 U.S.C. §1988. Such an award, however, is not automatically provided to every prevailing defendant. Rather, a successful defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless." *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir.2000) (quoting *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir.1999)); *Fontenot v. Toups*, 2011 WL 677345, *5 (E.D. La. Feb. 16, 2011). As set forth in *Offord v. Parker,* No. 11–20086, 2012 WL 13929, *1 (5th Cir. 2012)(summary calendar), district courts are to consider certain factors in making this decision: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle, and (3) whether the court held a full trial." Further, district courts:

> must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L.Ed.2d 648 (1978). Instead, a court must ask whether "'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Stover v. Hattiesburg Pub. Sch. Dist.,* 549 F.3d 985, 997 (5th Cir. 2008).

*Id.*

Here, although Defendants did prevail relative to Plaintiff's claims asserted under 42 U.S.C. §1988, the Court, having considered the above-referenced factors, does not find the claims to have been "frivolous, unreasonable, or groundless." Accordingly, **IT IS ORDERED** that Defendants' motion is **DENIED**.

**V.      Plaintiff's Motions Seeking Leave to File Memoranda (Rec. Docs. 495 and 497).**

Because Plaintiff's proposed memorandum responds to certain assertions set forth in Defendants' opposition memorandum (Rec. Doc. 496), **IT IS ORDERED** that Plaintiff's motion (Rec. Doc. 497) seeking leave to file a reply memorandum in support of her motion for new trial regarding copyrightability is **GRANTED**.  Plaintiff's motion (Rec. Doc. 495) seeking leave to file a supplemental memorandum in support of her motion for reconsideration of the Court's rulings regarding Plaintiff's Equal Pay Act claim (Rec. Doc. 480), however, is **DENIED**.  With that motion, Plaintiff seeks only to provide information and argument that either have been, or should have been, submitted numerous times.

New Orleans, Louisiana, this 27th day of March, 2012.

_____
**UNITED STATES DISTRICT JUDGE**